IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff,

v.                                             Case No. 13-10089-JTM

CHARLES RAY MATTHEWS,
         Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant Charles Ray Matthews' Motion for Compassionate Release pursuant to 18 U.S.C. section 3582. Matthews contends that he suffers from PTSD, COPD, heart disease and "a host of medical issues" that would increase his risk of serious physical illness or death if he contracted Covid-19 in custody. (Dkt. 58, p. 1). He asks the court to reduce his sentence to time served. (*Id.*, p. 2). The United States argues that Matthews' health conditions cannot overcome the court's consideration of the 18 U.S.C. section 3553(a) sentencing factors. (Dkt. 60, p. 17-18).

Matthews pled guilty on January 13, 2014 to one count of possession of child pornography in violation of 18 U.S.C. section 2252(a)(4). (Dkt. 48, p. 1; Dkt. 33, p. 1). He was sentenced on May 21, 2014 to a term of 150 months in prison followed by 10 years of supervised release. (Dkt. 48, p. 2-3; Dkt. 38, p. 4). The United States Probation Office prepared a Presentence Investigation Report (PSR) at the court's request prior to sentencing. (Dkt. 38). The offense conduct discussed in the PSR consisted of Matthews sending pornographic images depicting children to an undercover agent whom he believed to be a 14-year-old girl, and having sexual conversations and discussions about

meeting for sex with that agent. (*Id.*, p. 5-6). Matthews further admitted to investigators that he chatted and exchanged pornographic images with individuals under 18 on internet sites, that he had sexual conversations and discussions about meeting in person for sex with these individuals, and that he received pornographic images of children from another individual. (*Id.*, p. 6-7). The PSR shows Matthews had a prior conviction for Indecent Behavior with a Juvenile, a prior conviction for driving while under the influence of intoxicants, and several prior fraud-related convictions. (*Id.*, p. 13-15).

The United States admits that Matthews has satisfied the prerequisite administrative exhaustion requirement of 18 U.S.C. section 3582(c)(1)(A) to request compassionate release. (Dkt. 60, p. 7); 18 U.S.C. § 3582(c). The remaining issue for the court's consideration is whether Matthews can show that, after the court considers the factors set forth in 18 U.S.C. § 3553(a), extraordinary and compelling reasons warrant a reduction to a time-served sentence and that the reduction is consistent with the Sentencing Commission's policy statements. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Parada*, 5:03-40053-JAR-1, 2020 WL 4589781 *6 (D. Kan. Aug. 10, 2020) (stating to the extent a defendant's medical circumstances meet the "extraordinary and compelling" standard, satisfaction of that burden does not resolve the issue of entitlement to release because the court must still consider the 3553(a) sentencing factors).

The 3553(a) factors relevant to defendant's request for compassionate release are (1) his personal history and characteristics, (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for the sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect

the public; (4) the need for any rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1) – (6). The court's review of those factors in light of the offense of conviction, defendant's admissions in the plea agreement and to federal investigators, and his criminal history lead the court to conclude that reducing Matthew's sentence to time served would be inappropriate.

The statutory minimum sentence under 18 U.S.C. section 2252(a)(4) is 10 years. The guideline range for defendant's offense, based upon his offense level and criminal history, was 97 to 121 months, but because the statutory minimum sentence of 10 years was greater than the minimum of the guideline range, the appropriate guideline range became 120 to 121 months. (PSR, p. 23-24). Matthews pled guilty and was sentenced pursuant to a Rule 11(c)(1)(C) binding Plea Agreement, however, in which the parties jointly proposed an above-guideline sentence of 150 months in prison as an appropriate disposition of the case.

By entering into the Plea Agreement, Matthews agreed a 150-month sentence served the interest of justice and was consistent with the sentencing factors listed in 18 U.S.C. section 3553(a). (*See* Dkt. 34, p. 2-3). Matthews further acknowledged that the court could take any relevant criminal conduct, including conduct for which he had not been convicted, as well as any relevant background characteristics into account when determining an appropriate sentence. (Dkt. 33, p. 3). Matthews has not appealed or otherwise challenged his sentence outside of this motion for compassionate release. Matthews began serving his sentence on May 21, 2014 and is serving the sentence

3

concurrent with a sentence imposed by Republic County, Kansas. (Dkt. 48, p. 2). His earliest potential release date is September 14, 2024. (Dkt. 60, p. 3). To date, he has served less than seven years of his twelve and a half-year sentence.

Reducing Matthews' sentence to time served at this point would result in a sentence below statutory minimum that no longer provides just punishment, promotes respect for the law, reflects the seriousness of Matthews' offense, protects the public, deters future criminal conduct, or ensures that Matthews receives the appropriate treatment to address the underlying causes of his criminal behavior. That type of sentence reduction would be a significant windfall to Matthews that is unwarranted even under the unusual circumstances presented by Covid-19.

The court recognizes that Matthews has provided evidence he suffers from COPD, hypertension, and heart disease, serious medical conditions that may increase the chance of severe Covid-19 complications. There is no indication in his motion or medical records, however, that those conditions are not well-controlled and cannot adequately be treated within the BOP system, and no indication that defendant would receive better treatment or face less risk of Covid-19 infection if he was immediately released from custody.[1]

In addition, Matthews has failed to provide a detailed release plan that ensures he does not engage in further criminal conduct upon release. Notwithstanding the fact that

---

[1] The United States' Response notes the procedures BOP has implemented in order to mitigate the risks of Covid-19 infection in BOP custody. Unfortunately, no set of circumstances will reduce the risk of Covid-19 infection to zero in BOP facilities at this point in time. Nevertheless, the court is confident that the procedures BOP has implemented are the best available to reduce the risk of infection as much as possible while meeting BOP's other mandates.

defendant would be subject to supervision for ten years, he has failed to provide the court with any indication of where he might reside, where he would receive continued treatment, his ability to comply with sex offender registration requirements, whether he has any employment prospects, where and how he will continue to have access to quality healthcare, or whether he has successfully completed any treatment programs in custody that might assist with a successful reentry into society. Courts have denied compassionate release to other petitioners convicted of child pornography offenses under similar circumstances. *See United States v. Smith,* 2020 WL 5071176 at *3 (E.D. Mich. Aug. 26, 2020) ("courts have been disinclined to grant compassionate release to petitioners convicted of crimes involving child pornography, even fur vulnerable petitioners during the COVID-19 pandemic, citing potential dangerousness."); *Coleman v. United States,* 2020 WL 3039123 at *4 (E.D. Va. June 4, 2020) (compassionate release denied because defendant's release plan did not adequately protect the public from potential future child pornography offenses and because defendant had not participated in any rehabilitative programming).

When weighed against the section 3553(a) sentencing factors, the court finds that Matthews' medical conditions are insufficient to meet his burden to show that he is entitled to compassionate release. Matthews' request for sentence reduction is consequently DENIED.

IT IS SO ORDERED this 11th day of January, 2021.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT