IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                     Case No. 13-10089-JWB

CHARLES RAY MATTHEWS,

     Defendant.


**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for reconsideration (Doc. 63.)  For the reasons stated herein, Defendant's motion is DENIED.

Defendant previously filed a motion for sentence reduction to time served under 18 U.S.C. § 3582.  (Doc. 58.)  On January 11, 2021, the court denied Defendant's motion after finding the sentencing factors in 18 U.S.C. § 3553 weighed against any reduction:

> Reducing Matthews' sentence to time served at this point would result in a sentence below statutory minimum that no longer provides just punishment, promotes respect for the law, reflects the seriousness of Matthews' offense, protects the public, deters future criminal conduct, or ensures that Matthews receives the appropriate treatment to address the underlying causes of his criminal behavior. That type of sentence reduction would be a significant windfall to Matthews that is unwarranted even under the unusual circumstances presented by Covid-19.

(Doc. 61 at 4.)

Additionally, Defendant failed to provide the court with a detailed release plan.  The court noted this failure by Defendant in denying his motion by stating:

> Notwithstanding the fact that defendant would be subject to supervision for ten years, he has failed to provide the court with any indication of where he might reside, where he would receive continued treatment, his ability to comply with

1

sex offender registration requirements, whether he has any employment prospects, where and how he will continue to have access to quality healthcare, or whether he has successfully completed any treatment programs in custody that might assist with a successful reentry into society.

(*Id*. at 4-5.)

On July 21, 2021, Defendant filed the present motion asserting the court erred in ruling on his motion by relying upon false allegations by the Government in sentencing him and, apparently, in denying his motion for release.  (Doc. 63 at 1-2) ("Judge I ask you to please look into these false alligations [sic] used by the AUSA – when you sentenced me you relied on these lies.")  This alleged lie concerns a previous conviction that was raised by the Government in response to Defendant's compassionate release motion.  (Doc. 60.)  Arguing that the section 3553 sentencing factors weighed against release, the Government asserted "[a]rguably more critical, the defendant has a previous conviction involving the sexual abuse of a minor."  (*Id*. at 18.)  Defendant asserts he has never been convicted of sexual abuse of a minor; but Defendant admits that he was convicted of indecent behavior with a juvenile.  (Doc. 63 at 1-2.)  Defendant's argument appears to be based on his confusion that the Government was referring to a prior arrest for sexual abuse in its opposition motion and at sentencing.  The presentence report, which the court relied on in its order, sets forth a prior conviction of indecent behavior with a juvenile, which Defendant did not object to at the time of sentencing.[1]  (Doc. 38 at 29.)  This conviction, and not the prior arrest, was relied on by the court in denying Defendant's motion.  (Doc. 61 at 2) ("The PSR shows Matthews had a prior conviction for Indecent Behavior with a Juvenile, a prior conviction for driving while

---

[1]Defendant also appears to assert the government forged documents showing a prior sexual abuse conviction to entice the court into giving him a longer sentence.  Based thereon, Defendant's motion might be stretched to construe it as attacking his underlying sentence.  *United States v. Williams*, 790 F.3d 1059, 1067-68 (10th Cir. 2015).  Viewing the record, Defendant has not previously filed a motion under 28 U.S.C. § 2255.  Regardless, because Defendant's conviction became final on June 5, 2014, any such motion challenging his sentence due to his prior conviction would now be untimely.  *See* § 2255(f).

under the influence of intoxicants, and several prior fraud-related convictions.")   Therefore, Defendant has not shown that the court committed error in ruling on his motion for compassionate release.

Moreover, Defendant's motion to reconsider is untimely.  *See U.S. v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011) (holding "a motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order").  Defendant filed his motion for reconsideration on July 21, 2021—nearly 6 months after the January 25, 2021 deadline.  Accordingly, Defendant's motion (Doc. 63.) is DENIED.

IT IS SO ORDERED this 27th day of July, 2021.


 s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE